**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**TRISHA E. HOWARD**                                                            **PLAINTIFF**

        **v.**               **Civil No. 05-3029**

**BAXTER HEALTHCARE CORPORATION AND**
**HARTFORD LIFE GROUP INSURANCE COMPANY**        **DEFENDANTS**

**O R D E R**

Now on this 5th day of July, 2006, comes on for consideration **Separate Defendant Baxter Healthcare Corporation's Motion To Dismiss For Failure To State A Claim** (document #10), and from said motion, and the response thereto, the Court finds and orders as follows:

1. In her First Amended Complaint, plaintiff alleges that she was a participant in an employee benefit plan ("the Plan") insured by defendant Hartford Life Group Insurance Company ("Hartford"). She alleges that her employer, defendant Baxter Healthcare Corporation ("Baxter"), is the Plan Administrator. Plaintiff further alleges that she became totally and permanently disabled while employed by Baxter, and that Hartford denied her benefits for total disability. She seeks (a) to recover past due benefits; (b) to obtain an "injunction by the Court finding that the plaintiff is eligible under Policy"; and (c) to obtain "injunctive relief by the court to enjoin and restrain the Defendants from terminating plaintiff from any future eligibility."

2. Baxter now moves to dismiss, contending that plaintiff's First Amended Complaint fails to state a claim against it, because it fails to allege "that Baxter is the party in control of administering the benefit determination." Baxter cites **Layes v. Mead Corp.**, **132 F.3d 1246 (8th Cir. 1998)**, for the proposition that an employer must be shown to control administration of a plan to be a proper party defendant in an action for benefits.

Plaintiff, in response, acknowledges that Hartford "serves as the third party administrator" for the Plan, but opposes dismissal based on her contention that the Plan is largely funded by Baxter and therefore Baxter has a financial interest in the outcome of her case.

3. It is axiomatic that a complaint

> should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations.

**Krentz v. Robertson Fire Protection District**, **228 F.3d 897 (8th Cir. 2000)**(internal citations and quotation marks omitted).

In the current state of the pleadings, the Court cannot determine how much discretionary authority Baxter has extended to Hartford as its third-party administrator, and how much, if any, it retains. Cf. **DuMond v. Centex Corp.**, **172 F.3d 618 (8th Cir.**

**1999)**, where the employer contracted with a third party administrator to supervise administration of claims and payment of benefits, but retained authority over appeals from decisions of that third party administrator.  It cannot, therefore, be said that on the face of the First Amended Complaint it appears beyond doubt that plaintiff can prove no set of facts which would entitle her to relief.  Such determinations must await the presentation of proof by the parties.

**IT IS THEREFORE ORDERED** that **Separate Defendant Baxter Healthcare Corporation's Motion To Dismiss For Failure To State A Claim** (document #10) is **denied.**

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**